UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| **MICHAEL LEWIS**, individually and on behalf of all others similarly situated,<br><br>vs.<br><br>**SHAFER PROJECT RESOURCES, INC.** | DOCKET NO. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff Michael Lewis brings this lawsuit to recover unpaid overtime wages and other damages from Shafer Project Resources, Inc. under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. Shafer employs workers, like Lewis, to carry out its work.

3. Lewis, and the other workers like him, were typically scheduled for 10-12 hour shifts, 6-7 days a week.

4. But Shafer does not pay all of these workers overtime for hours worked in excess of 40 hours in a single workweek.

5. Instead of paying overtime as required by the FLSA, Defendant pays these workers a day-rate.

6. This action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION & VENUE

7. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

1. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

2. Lewis performed work for Shafer in this District and Division in Watford City and Dickinson, North Dakota.

## PARTIES

8. From approximately November 2017 until July 2019, Lewis worked for Defendant as a Pipeline and Coating Inspector. Throughout his employment with Shafer, he was paid a day-rate with no overtime compensation. His consent to be a party plaintiff is attached as Exhibit A.

9. Lewis brings this action on behalf of himself and other similarly situated workers who were paid by Shafer's day-rate system.

10. Shafer paid each of these workers a flat amount for each day worked and failed to pay them overtime for hours worked in excess of 40 hours in a workweek.

11. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All employees of Shafer Project Resources, Inc. during the past 3 years who were paid a day-rate with no overtime.** (the "Putative Class Members").

12. Lewis seeks conditional and final certification of this FLSA collective action under 29 U.S.C. § 216(b).

13. Defendant Shafer Project Resources, Inc. may be served through its registered agent: Registered Agents, Inc. 3003 32nd Avenue S, Suite 240, Fargo, North Dakota 58108.

## COVERAGE UNDER THE FLSA

14. At all times hereinafter mentioned, Shafer has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all times hereinafter mentioned, Shafer has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all times hereinafter mentioned, Shafer has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

17. Lewis and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

**FACTS**

18. Shafer is an energy services support company specializing in providing project managers, designers, inspectors, safety consultants and administrative personnel to the energy industry. Shafer operates throughout the United States.

19. These workers carry out the hands-on, day-to-day production work of Shafer.

20. Workers like Lewis are an integral part of the services Shafer provides to its clients.

21. No advanced degree is required to become a Shafer employee. In fact, Shafer regularly hires employees who only have a high-school diploma (or less).

22. For example, Lewis did not have any advanced degree.

23. To the extent employees make "decisions," the decisions do not require the exercise of independent discretion and judgment.

24. Instead, Shafer employees apply well-established techniques and procedures.

25. Employees are not permitted to deviate from established quality standards.

26. These employees are blue collar workers. They rely on their hands, physical skills, and energy to perform manual labor in the field.

27. With these job duties, these employees are clearly **non-exempt** under the FLSA.

28. Shafer paid Lewis and the Putative Class Members a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

29. Lewis worked for Defendant from approximately November 2017 until July 2019 as a Pipeline and Coating Inspector.

30. Lewis was paid on a day-rate basis throughout his employment with Shafer.

31. Lewis and the Putative Class Members were not paid a salary.

32. Lewis and the Putative Class Members were not guaranteed a predetermined amount above $455.00 per week.

33. Shafer typically scheduled Lewis to work 10-12 hour shifts, for as many as 6-7 days a week.

34. During each year of his employment, Lewis regularly worked well in excess of 40 hours in a workweek.

35. But Shafer did not pay Lewis overtime.

36. Lewis and the Class Members worked for Shafer as employees over the past three years across the United States.

37. As a result of Shafer's pay policies, Lewis and the Class Members were denied the overtime pay required by federal law.

38. Shafer keeps accurate records of the hours, or at least days, its employees work.

39. It also keeps accurate records of the amount of pay employees receive.

40. Despite knowing the FLSA requirements and that its employees regularly worked more than 40 hours in a workweek, Shafer does not pay them overtime.

41. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

42. The Putative Class Members regularly worked in excess of 40 hours each week.

43. Like Lewis, the Putative Class Members were generally scheduled for daily shifts of 12 (or more) hours for weeks at a time.

44. Shafer did not pay Lewis on a salary basis.

45. Shafer did not pay the Putative Class Members on a salary basis.

46. Shafer paid the Lewis on a day-rate basis.

47. Shafer paid the Putative Class Members on a day-rate basis.

48. Shafer failed to pay Lewis overtime for hours worked in excess of 40 hours in a single workweek.

49. Shafer failed to pay the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

**FLSA VIOLATIONS**

50. Lewis incorporates the preceding paragraphs by reference.

51. As set forth herein, Shafer violated the FLSA by failing to pay Lewis and the Class Members overtime at 1 and ½ times the regular rate of pay under the hourly system, for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a).

52. At all relevant times, Shafer has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

53. Shafer employed Lewis and each member of the Class.

54. Shafer's pay policy denied Lewis and the Class Members overtime compensation at the legal overtime rates required by the FLSA.

55. Shafer owes Lewis and the Class Members overtime wages equal to 1 and ½ their regular rates for each overtime hour worked during the last three years.

56. Shafer knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Lewis and the Class is willful.

57. Due to Shafer's FLSA violations, Lewis and the Class Members are entitled to recover from Shafer for their unpaid overtime compensation, liquidated damages, treble damages, reasonable attorney fees, costs, and expenses of this action.

58. The improper pay practices at issue were part of a continuing course of conduct, entitling Lewis and Class Members to recover for all such violations, regardless of the date they occurred.

## JURY DEMAND

59. Lewis demands a trial by jury.

## RELIEF SOUGHT

60. WHEREFORE, Lewis prays for judgment against Defendant as follows:

   a. An Order designating the Putative FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order appointing Lewis and his counsel to represent the interests of the FLSA Class;

c. For an Order finding Defendant liable to Lewis and the Potential Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

d. For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ William R. Liles*
Michael A. Josephson
State Bar No. 24014780
mjosephson@mybackwages.com
Andrew W. Dunlap
State Bar No. 24078444
adunlap@mybackwages.com
William R. Liles
State Bar No. 24083395
wliles@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
Federal ID 21615
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**